IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| ROBERT K. MIELL, | ) | |
| | ) | |
|    Debtor. | ) | Bankruptcy No. 09-01500 |
| ------------------------------------------------- | | |
| GARY L. HOLSINGER, | ) | |
| SHERRY HOLSINGER, | ) | Adversary No. 10-09043 |
|    Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RENEE K. HANRAHAN, Trustee, | ) | |
| and HERITAGE BANK, | ) | |
|    Defendants. | ) | |

**ORDER RE: MOTION TO DISMISS COMPLAINT**

This matter came before the undersigned for hearing on June 18, 2010 on Motion to Dismiss Complaint filed by Defendant Heritage Bank. Heritage Bank was represented by David A. O'Brien. Gregory J. Epping represented Plaintiffs Gary and Sherry Holsinger. Jeffrey P. Taylor appeared for Defendant/Trustee Renee Hanrahan. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

**STATEMENT OF THE CASE**

Plaintiffs' Complaint and Amended Complaint ask the Court to determine that its lien on certain real estate is not affected by Trustee's sale of the real estate to Heritage Bank. They assert that they did not receive proper notice of the sale, in violation of their due process rights. Plaintiffs argue their lien continues in the real estate regardless of Trustee's sale free of liens. In the alternative, Plaintiffs assert their lien continues in the proceeds from the sale.

Defendant Heritage Bank moves to dismiss the complaint. It purchased property through an Order approving the sale of real estate free of liens. The Bank asserts Plaintiffs are not entitled to any relief against it. It argues Plaintiffs received sufficient notice and their junior lien was extinguished when the Bank successfully made a credit bid for the real estate and the sale was approved by the Court. Defendant/Trustee Hanrahan joins in the Motion to Dismiss. She states there were no proceeds stemming from the sale of the real estate to Heritage Bank. The Order Approving Sale, Doc. 889, approves the sale pursuant to the terms and conditions set out in the Motion to Sell Real Estate, Doc. 840. The Motion proposes to sell the real estate to Heritage Bank in exchange for Heritage Bank's credit bid of $5,122,368, plus payment by the Bank to Trustee of a $100,000 surcharge under § 506(c). The Bank also agreed it would not pursue the undersecured remainder of its claim of approximately $1,835,483 as an unsecured claim against the bankruptcy estate.

The Bank argues there is no factual dispute and this matter should be resolved without delay through its Motion to Dismiss. Plaintiffs cannot dispute that they received notice of the sale. The form of the Notice, Doc. 847, was approved by the Court in the Sale Order entered March 17, 2010. The Sale Order was not appealed. Trustee agrees with the Bank, asserting Plaintiffs' arguments are moot.

Plaintiffs assert that due process requires that they not only receive notice of the sale, but also that they receive notice that their lien on the real estate was at issue in the sale. Plaintiffs were not named as lienholders in the Motion to sell free of liens. The Motion states, in pertinent part, that the sale would be

> . . . free and clear of all liens, claims, encumbrances and other interests, including but not limited to, any and all liens, judgments or other claims held or claimed by [four entities, not including Plaintiffs]. . . . With regard to the liens, encumbrances or interests of any other party, other than Heritage Bank, the sale of the Real property shall be free and clear of such interests. . .

Motion to Sell Real Estate, Doc. 840, p. 10. Plaintiffs received notice of the Motion in care of their attorney's office, which is the address on their Proof of Claim filed August 24, 2009. On the first page of the Motion to Sell Real Estate, the two properties in which Plaintiffs assert a security interest are identified by legal description and street address as part of the real estate to be sold.

## CONCLUSIONS OF LAW

The Eighth Circuit Court of Appeals has consistently applied § 363(m) to find challenges to completed § 363 sales to be moot. In re Trism, 328 F.3d 1003, 1006 (8th Cir. 2003). This "finality rule" prevents courts from overturning a sale to a good-faith purchaser in the absence of a stay. In re Rodriguez, 258 F.3d 757, 759 (8th Cir. 2001).

> The language of § 363(m) moots any challenge to an order approving the sale of assets that satisfies two requirements. First, no party obtained a stay of the sale pending appeal. Second, "reversing or modifying the authorization to sell would affect the validity of the sale or lease."

Trism, 328 F.3d at 1006-07 (citations omitted). A challenge to a provision of an order approving the sale of assets affects the validity of the sale if it is integral to the sale, or adversely alters the parties' bargained-for exchange. Id. Section 363(m) protects any good faith purchaser, including bidders who are creditors in bankruptcy. Id. at 1008.

The finality rule "reflects the inability of courts to supply a remedy once property has left the bankruptcy estate." In re Wintz Cos., 219 F.3d 807, 811 (8th Cir. 2000). Once sold, claims against the property may be maintained only against the proceeds of the sale. Id. In Veltman v. Whetzal, 93 F.3d 517, 521 (8th Cir. 1996), the court noted that orders approving a sale were not reviewable because the property had already been sold, citing § 363(m). It further found that the appellants, who held a partial ownership interest in real property, received adequate notice when they received the motion to sell the property which stated the sale would be "free and clear of all liens, encumbrances and interests." Id. at 520.

In In re Edwards, 962 F.2d 641, 645 (7th Cir. 1992) (Posner, J.), the court stated that the issue of what happens when the trustee fails to make the required notice "is controlled by the policy of finality illustrated by § 363(m)." In that case, the court noted no great hardship was produced where the property was not worth more than the sale price. Id. In dicta, it noted that the Bankruptcy Rules require that notices must be sent to a creditor at the address listed on its proof of claim, if that differs from the address on the list of creditors. Id.; Fed. R. Bankr. P. 2002(g).

Plaintiffs cite In re Takeout Taxi Holdings, Inc., 307 B.R. 525 (Bankr. E.D. Va. 2004), in support of their argument that the notice they received does not satisfy due process. That case was before the court on the question of whether a sale free and clear of all liens under § 363(f) was appropriate. Id. at 527. The court discussed notice requirements in finding the motion to sell was inadequate. Id. at 531. Takeout Taxi is distinguishable from this case because the sale was not yet completed, making the finality rule of § 363(m) inapplicable.

As an alternative claiming a lien on the real estate, Plaintiffs request that their lien attach to the proceeds of the sale of the real estate. It is not disputed that, on the petition date, Plaintiffs had a lien on two parcels of the sold real estate which was subordinate to Heritage Bank's lien. Trustee states that there are no proceeds from the sale to which Plaintiffs' lien can attach. The Court notes that the terms of the sale include a $100,000 surcharge for the bankruptcy estate under § 506(c).

Section 506(c) is an exception to the rule that administrative expenses and costs cannot be charged against secured collateral. In re Swann, 149 B.R. 137, 143 (Bankr. D.S.D. 1993). This section shifts the costs of preserving a secured creditor's collateral from the bankruptcy estate to the secured party. Id. One court has noted that if "the senior creditor agrees to reduce its claim secured by the property, then there is no detriment to the junior creditor. Essentially, under this [] arrangement, the senior creditor would be agreeing to pay the § 506(c) expenses." In re Trenge, 127 B.R. 552, 555 n.3 (E.D. Pa. 1991).

## ANALYSIS

Plaintiffs had notice of the Motion to Sell Real Estate and the Order approving the motion. They did not appeal the order, or request a stay of the sale pending appeal. Heritage Bank was the successful bidder for the property, which it purchased pursuant to the terms of the Motion which, in turn, provided the sale of the real estate would be free of "liens, encumbrances or interests of any other party." Plaintiffs assert their lien remains attached to the real estate despite the sale. This constitutes a challenge to a provision of the Motion and Order approving the sale, which is integral to the sale because, if successful, it would adversely alter the Bank's bargained-for exchange. Under § 363(m), Plaintiffs' attempt to preserve their lien on the real estate is moot.

      The alternative of allowing Plaintiffs' lien to attach to the proceeds of the sale is also unavailing. Heritage Bank held a lien which was senior to Plaintiffs' mortgage lien. It bid the value of its lien and agreed to pay a $100,000 surcharge under §506(c), and to waive its undersecured claim. There are no proceeds from the sale to which Plaintiffs' lien can attach. The $100,000 surcharge constitutes administrative expenses and costs of preserving real estate securing Heritage Bank's claim. Its agreement to pay the §506(c) surcharge in effect reduced the amount of its claim. After the sale, there remains neither value in the real estate nor proceeds from the sale to which Plaintiffs' lien can attach.

      Based on the foregoing, the Court finds dismissal of this adversary proceeding is appropriate. Plaintiffs' Complaint and Amended Complaint seek to impose a lien on the real estate sold to Heritage Bank or the proceeds of the sale. Section §363(m) prohibits Plaintiffs' from claiming a lien on the real estate which is no longer property of the bankruptcy estate. There are no proceeds from the sale on which Plaintiffs can claim a lien.

      **WHEREFORE**, the Motion to Dismiss Complaint Against Defendant Heritage Bank (Doc. 6) and Joinder in Motion to Dismiss filed by Defendant/Trustee Renee K. Hanrahan (Doc. 15) are GRANTED.

      **FURTHER**, this adversary proceeding is DISMISSED.

Dated and Entered:  July 9, 2010

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

5